FILED
MAR 22 2023
UNITED STATES DISTRICT JUDGE
MARTHA M. PACOLD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLAUDIA MALDONADO VALENCIA | No. 22 CR 120<br><br>Judge Martha M. Pacold |

## PLEA AGREEMENT  3/22/23

1. This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, ~~JOHN R. LAUSCH, JR.~~ MORRIS PASQUAL 3/22/23, and defendant CLAUDIA MALDONADO VALENCIA, and her attorney, ANTHONY SASSAN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The superseding information in this case charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

3. Defendant has read the charge against her contained in the superseding information, and that charge has been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crime with which she has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846 (Count One).

## Factual Basis

6. Defendant will plead guilty because she is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about June 14, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, CLAUDIA MALDONADO VALENCIA conspired with Jorge Luis Maldonado Bernabe and with others known and unknown, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

More specifically, on June 14, 2021, VALENCIA agreed with her father, Jorge Luis Maldonado Bernabe, to obtain kilogram quantities of cocaine at her residence

located on the 4400 block of S. California, in Chicago ("VALENCIA Residence"), and to distribute them to an individual who, unbeknownst to defendant and Bernabe, was an undercover law enforcement agent ("UC-1"). VALENCIA acknowledges that during the day on June 14, 2021, Bernabe participated in multiple telephone calls with an individual who, unbeknownst to defendant and Bernabe, was cooperating with law enforcement ("CS-1"), to coordinate the transaction. During those calls, CS-1 informed Bernabe that CS-1 would send UC-1 to obtain the cocaine, and Bernabe indicated that VALENCIA and another female, Individual 1, would deliver the cocaine to UC-1 at the VALENCIA Residence.

On the afternoon of June 14, 2021, VALENCIA met with UC-1 at a pre-determined location near the VALENCIA Residence and got into a vehicle driven by UC-1. UC-1 then drove to the VALENCIA Residence, at which time, VALENCIA informed UC-1 that VALENCIA would go inside the residence to get "one," referring to one kilogram of cocaine. VALENCIA entered the VALENCIA Residence to obtain a kilogram of cocaine and showed the kilogram of cocaine to UC-1. Individual 1 also drove to the VALENCIA Residence in a separate vehicle and brought a blue bag that contained additional kilograms of cocaine, which VALENCIA intended to distribute to UC-1.

After VALENCIA showed the cocaine to UC-1, law enforcement officers approached VALENCIA and placed her under arrest. The officers recovered eight brick-shaped objects containing cocaine from inside the blue bag and directly next to the blue bag that Individual 1 brought. VALENCIA acknowledges that the substance

3

she obtained from her residence and the substance Individual 1 brought in the blue bag contained approximately 7,868 grams of cocaine.

Moreover, as part of her drug trafficking activity, on or about October 16, 2020, VALENCIA agreed to pick up and deliver approximately $200,000 in narcotics proceeds on behalf of an unknown individual. In particular, VALENCIA travelled with Individual 2 in a white Toyota Camry to the parking lot of a restaurant located on the 3100 block of N. Austin Avenue, in Chicago and parked next to an unoccupied blue sedan. VALENCIA exited the white Camry, retrieved a bag from the blue sedan, and placed the bag in the trunk of the Camry. Law enforcement subsequently recovered the bag. VALENCIA acknowledges that the bag contained approximately $200,000 in narcotics proceeds and that she was going to deliver the narcotics proceeds to another unknown individual.

VALENCIA acknowledges that the total amount of narcotics for which she is accountable is at least approximately 12.5 kilograms of cocaine.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $1,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least three years, and up to any number of years, including life.

b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following

5

statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

      b.    **Offense Level Calculations.**

          i.    The base offense level is 30, pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(5) because the offense involved approximately 12.5 kilograms of cocaine, which is more than 5 kilograms but less than 15 kilograms of cocaine.

          ii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

          iii.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

e. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 27 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 70 to 87 months' imprisonment, in addition to any supervised release and fine the Court may impose.

f. Defendant and her attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the

sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

15. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22 CR 120.

16. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

17. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

   a. **Right to be charged by indictment.** Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at

trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against her, and if she does, she would have the right to a public and speedy trial.

   i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

   iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

   iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the

10

judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

  v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

  vi. At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

  vii. At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

  c. **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

  18. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights

specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

19. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

20. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of her sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21. For the purpose of monitoring defendant's compliance with her obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the

United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

22. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to an offense that is an "aggravated felony" as that term is defined in Title 8, United States Code, Section 1101(a)(43), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the Court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration

consequences that her guilty plea may entail, even if the consequence is her automatic removal from the United States.

## Conclusion

24. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25. Defendant understands that her compliance with each part of this Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 3/22/23

ERIKA CSICSILA
Digitally signed by ERIKA CSICSILA
Date: 2023.02.15 11:43:48 -06'00'

Signed by Erika Csicsila on behalf of
~~JOHN R. LAUSCH, JR.~~ MORRIS PASQUAL
United States Attorney

3/22/23 OA
Acting
CM

EDWARD LIVA
Digitally signed by EDWARD LIVA
Date: 2023.03.09 14:27:15 -06'00'

EDWARD A. LIVA, JR.
Assistant U.S. Attorney

Claudia maldonado
CLAUDIA MALDONADO VALENCIA
Defendant

ANTHONY SASSAN
Attorney for Defendant

15